UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BONNIE STEINSNYDER,
*individually and as Administratix of
the Estate of Alexander Toulouse,*

*deceased,*

CHRISTOPHER TOULOUSE ,

                        **Plaintiffs,**

      -against-

UNITED STATES OF AMERICA,

                        **Defendant.**
----------------------------------------------------------------x

MEMORANDUM AND ORDER

09-CV-5407 (SJ)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is an application by the government to preclude third parties from attending the independent psychological examination of plaintiff Christopher Toulouse ("Toulouse"), being conducted in accordance with Rule 35 of the Federal Rules of Civil Procedure ("FRCP"). See Motion . . . Requesting Court's Guidance on Discovery Issue (Feb. 17, 2012), Electronic Case Filing Document Entry ("D.E.") #47. Specifically, plaintiffs request that the Court allow "an attorney or stenographer" to be present during the Toulouse exam.[1] See 2/23/12 Pl. Letter at 3.

---

[1] In this matter, Toulouse has alleged that he "sustained serious mental, emotional and psychiatric injury, including significant Post Traumatic Stress Disorder[,]" when his son was struck and killed by a United States Postal truck. Letter by Bonnie Steinsnyder, Christopher Toulouse (Feb. 23, 2012) ("2/23/12 Pl. Letter") at 1, D.E. #49.

The government contends that the presence of plaintiffs' counsel during the exam would prejudice the expert's ability to conduct the exam. See Letter Responding to Plaintiffs' Letters (Feb. 27, 2012) at 3, D.E. #52. In further support, the government submitted a declaration by its expert witness, Dr. Alice Medalia, in which she states that "the mere presence of another person in the room, especially an attorney representative, markedly changes the dynamic of the examination." Declaration of Alice Medalia ("Medalia Decl.") ¶ 11, D.E. # 53-1.

Rule 35 of the FRCP is silent as to who may attend an examination pursuant to that provision. See Reyes v. City of New York, No. 00 Civ. 2300 (SHS), 2000 WL 1528239, at *3 (S.D.N.Y. Oct. 16, 2000); Tirado v. Erosa, 158 F.R.D. 294, 295 (S.D.N.Y. 1994). Although Rule 35 is silent, courts, in their discretion, have allowed third parties to attend examinations upon a showing of good cause or special circumstances. See Equal Emp't Opportunity Comm'n v. Grief Bros. Corp., 218 F.R.D. 59, 64 (W.D.N.Y. 2003); Reyes, 2000 WL 1528239, at *3. However, "[f]ailure to show special circumstances for the need to have an attorney or court reporter present will defeat a request for such relief." Grief Bros. Corp., 218 F.R.D. at 64 (citations omitted); see also Reyes, 2000 WL 1528239, at *3 (party seeking attendance of third parties at Rule 35 examinations must show "good cause" for such attendance).

Here, plaintiffs have failed to show special circumstances warranting the attendance of an attorney or court reporter. Plaintiffs have not pointed to any particular facts in this case that would suggest that there is a risk that the government's expert will use improper

techniques or be unable to properly communicate with Toulouse. See Grief Bros., 218 F.R.D. at 64. Nor is it sufficient to argue that allowing counsel to attend the examination might facilitate more effective cross-examination. See Tirado v. Erosa, 158 F.R.D. at 296 (fact that attorney's presence at examination would aid in cross-examination of expert did not constitute special circumstance under Rule 35). Indeed, plaintiffs' chief argument appears to be that the government had initially neglected to submit an affidavit by the examining psychologist protesting the presence of third parties, see 2/23/12 Pl. Letter at 2; Letter by Bonnie Steinsnyder, Christopher Toulouse (Feb. 27, 2012), D.E. #51; the government has now cured that deficiency. See generally Medalia Decl; see also Reyes, 2000 WL 1528239, at *3 (plaintiffs' attorney and court reporter not allowed to attend Rule 35 examinations, even when defendants did not submit statement by examiners "averring that the presence of a third party would interfere with the examinations").

In her declaration, Dr. Medalia states that although she has, in the past, conducted exams with attorneys present, she finds the presence of attorneys disruptive to the evaluative process. See Medalia Decl. ¶¶ 5, 8-11 (stating that, even in the "best-case" scenario, where the attorney is quiet and "does not do anything[,]" an attorney's presence affects the examination). In fact, according to Dr. Medalia, *any* third party present during the examination room "interferes with the clinical evaluative process" and "negatively impacts the intimacy of the relationship that [Dr. Medalia], as a clinician, [is] trying to establish during the

evaluative examination." Id. ¶ 12.[2]

Thus, in light of the declaration of Dr. Medalia, and plaintiffs' failure to establish good cause, the Court grants the government's request and directs that no third party may attend the Rule 35 examination of Toulouse.

**SO ORDERED.**

**Dated:** Brooklyn, New York
March 1, 2012

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs have not requested, in the alternative, the presence and use of a tape recorder, nor does the Medalia Declaration address that possibility. Even if plaintiffs had made such a request, they have not met their burden to establish a particular need for a tape recorder. See Grief Bros., 218 F.R.D. at 64 (denying plaintiff's request to tape record Rule 35 psychological examination where plaintiff provided no reason for believing that doctor would use improper techniques or that there was a risk of miscommunication between plaintiff and doctor).